UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD PAUL,
        Plaintiff,

v.

COUNTY OF UNION; STEVEN OLIVER,
Individually, and in his official Capacity as a
Union County Sheriff,
        Defendants.

Civil No. 04-1543-HU

O R D E R

HAGGERTY, Chief Judge:

      Magistrate Judge Hubel has issued a Findings and Recommendation (Doc. # 66) in this action. Its relevant portions recommend that plaintiff's Motion for Summary Judgment (Doc. # 48) should be denied, and defendants' Motion for Summary Judgment (Doc. # 37) should be granted except as to the portion of the battery claim brought against Oliver (with the County

1 - ORDER

substituted as defendant). Plaintiff filed objections to the Findings and Recommendation and the case was referred to this court.

When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff's objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Hubel provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated here. Magistrate Judge Hubel's recommendations are sound, correct, and entitled to adoption.

**ANALYSIS**

Plaintiff asserts that the Findings and Recommendation errs in two ways. First, plaintiff argues that the Findings and Recommendation erred in concluding that "[b]ecause Oliver's acts, even if he were a final policymaker, were not acts which constitute the execution of municipal policy, plaintiff cannot sustain his *Monell* claim based on Oliver's alleged final policymaker position." Findings and Recommendation at 17. Plaintiff contends that when a decision "to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." Pl'.s Objections at 1. Plaintiff also asserts that defendant Oliver's alleged actions were extraordinary enough to warrant an assumption that the actions were attributable to inadequate training. *Id*. at 2.

This court has considered these objections and concludes that the Findings and Recommendation correctly recognized that the alleged actions – even if carried out by a final policymaker – fell short of constituting municipal policy. *See* Findings and Recommendation at 14-17. Moreover, there is nothing in the record to support an assumption that the allegations could be the result of inadequate training. Defendant Oliver's extensive training and experience is well-documented and unrefuted.

Plaintiff's second objection is that his state law claim of battery "must still exist as against the County." Pl.'s Objections at 3. Plaintiff's argument rests upon the assertion that unidentified "equitable standards" are violated if Oliver's liability for battery is "re-assigned" to the county and then "excluded" "simply because the county could not have acted intentionally." *Id*.

This objection appears derived from the Findings and Recommendation's correct conclusions that "[u]nder O.R.S. 30.265, Union County is the proper defendant for plaintiff's tort claims," Findings and Recommendation at 18, and that summary judgment for the county is appropriate as to the portion of plaintiff's tort claim that asserts battery against the county. Findings and Recommendation at 19. This conclusion was made because under the Oregon Tort Claims Act, the public body shall be substituted as the only defendant when a tort claim is brought against public officials for actions taken within the scope of their employment. O.R.S. § 30.265(1).

After offering this analysis, the Findings and Recommendation addressed plaintiff's negligence claim, noting that it was brought against both Oliver and the county. Findings and Recommendation at 18-19. The recommendation as to the negligence claim that was initially asserted against Oliver was for summary judgment to defendants. This is proper because that "negligence" claim was based upon Oliver's alleged battery of plaintiff. A "negligent battery"

3 - ORDER

claim against the county (properly substituted for Oliver) cannot be sustained. However, the Findings and Recommendation also properly allowed plaintiff to go forward with his *battery claim* against Oliver (with the county again substituted for Oliver as defendant). It may be that, despite this, plaintiff's objections intended to somehow resurrect his battery claim *as asserted against the county*. If so, this court concludes that plaintiff's objections – and the Complaint as pled presently – fail to compel this. After scrutinizing the record and plaintiff's objections, this court concludes that the portions of the Findings and Recommendation challenged by plaintiff are sound.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation (Doc. # 66) is adopted. Plaintiff's Motion for Summary Judgment (Doc. # 48) is denied; defendants' Motion for Summary Judgment (Doc. # 37) is granted except as to the portion of the battery claim brought against Oliver (for which the County is substituted as defendant).

IT IS SO ORDERED.

Dated this   31   day of October, 2005.

                                              /s/ Ancer L.Haggerty
                                                 Ancer L. Haggerty
                                         United States District Judge